**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | 05 10887 JLT |
| v. | § | No.        mc 05-97 |
| ZERO STAGE CAPITAL VI, L.P., | § | Special Relief Requested: Receivership pursuant to 15 U.S.C. § 687c |
| Defendant. | § | |

RECEIVED
MAY 17 2005
U.S. DISTRICT COURT.
DISTRICT OF DELAWARE

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States

Small Business Administration, for its cause of action states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.      This is a civil action brought by the United States on behalf of its agency,

the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose

central office is located at 409 Third Street, S.W., Washington, DC 20416.

2.      Jurisdiction is conferred on this Court by virtue of the Small Business

Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and

316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1);

and 28 U.S.C. § 1345.

3.      Defendant, Zero Stage Capital VI, L.P. (hereinafter, "ZERO STAGE VI",

"Licensee" or "Defendant"), is a Massachusetts limited partnership formed on or about

June 9, 1998 and maintains its principal office at 101 Main Street, 17th Floor, Cambridge,

Massachusetts 02142. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and

28 U.S.C. § 1391(b).

## Statutory and Regulatory Framework

4.      ZERO STAGE VI was licensed by SBA as a Small Business Investment

Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on

November 30, 1998, SBA License No. 01/71-0372, solely to do business under the

provisions of the Act and the regulations promulgated thereunder.

5.      Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe

regulations to carry out the provisions of the Act and to govern the operations of SBICs.

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of

Federal Regulations, Part 107 (the "Regulations").

6.      ZERO STAGE VI's Limited Partnership Agreement, as amended,

expressly provides that ZERO STAGE VI was organized for the purpose of operating

under the Act and subject to the Regulations issued by SBA thereunder.

7.      ZERO STAGE VI's general partner is Zero Stage Capital Associates VI,

LLC, a Massachusetts limited liability company.

8.      Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide

financing to licensed SBICs.

Complaint For Receivership and Injunction - Page 2

9.    Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to ZERO STAGE VI through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $93,205,000.00.

10.    Compliance with the terms of Leverage provided by SBA required that ZERO STAGE VI not have a condition of Capital Impairment, as that term is defined under the Regulations.

11.    According to audited financial information provided by ZERO STAGE VI to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, ZERO STAGE VI has a condition of Capital Impairment.

12.    SBA afforded ZERO STAGE VI an opportunity to cure its condition of Capital Impairment and ZERO STAGE VI has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

13.    ZERO STAGE VI's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

14.    ZERO STAGE VI's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

15.    Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee such as ZERO

STAGE VI may be forfeited and the company may be declared dissolved.

16.    Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a

determination by SBA that a Licensee such as ZERO STAGE VI, or any other person,

has engaged in or is about to engage in any acts or practices which constitute or will

constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the

Act, or of any order issued under the Act, then SBA may make application for an

injunction, and such Court shall have jurisdiction of such action and grant a permanent or

temporary injunction, or other relief without bond, upon a showing that such Licensee

has engaged in or is about to engage in any such acts or practices.  The Court is

authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

17.    Paragraphs 1 through 16 are adopted herein by reference.

18.    ZERO STAGE VI has an uncured condition of Capital Impairment as that

term is defined under the Regulations.

19.    SBA has determined that ZERO STAGE VI is not in compliance with its

terms of Leverage due to its uncured condition of Capital Impairment.

20.    SBA has determined that ZERO STAGE VI is in violation of the

Complaint For Receivership and Injunction - Page 4

Regulations, 13 C.F.R. § 107.1830(b) and 507(a).

21.    SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of ZERO STAGE VI for the purposes of liquidating ZERO STAGE VI and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A.    That injunctive relief, both preliminary and permanent in nature, be granted restraining ZERO STAGE VI, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of ZERO STAGE VI, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B.    That this Court determine and adjudicate ZERO STAGE VI's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.    That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of ZERO STAGE VI and all of its assets, wherever located, appoint SBA as receiver of ZERO STAGE VI for the purpose of marshaling and liquidating the assets of ZERO STAGE VI and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

Complaint For Receivership and Injunction - Page 5

D.     That upon the liquidation of ZERO STAGE VI and the completion of the

receivership, ZERO STAGE VI's SBIC license may be revoked.

E.     That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

U.S. SMALL BUSINESS ADMINISTRATION

Dated:  April 27, 2005          By: _____
                                THOMAS W. RIGBY
                                VA. Bar No. 34663
                                D.C. Bar No. 463532
                                Chief Counsel for SBIC Liquidation
                                Office of General Counsel
                                U.S. Small Business Administration
                                409 Third Street, Seventh Floor
                                Washington, D.C. 20416
                                Telephone:   202.619.1610
                                Facsimile:   202.481.5866
                                Attorney for Plaintiff


                                MICHAEL J. SULLIVAN
                                United States Attorney

                                By: _____
                                RAYFORD A. FARQUHAR
                                Assistant U.S. Attorney
                                U.S. Attorney's Office, District of Massachusetts
                                One Courthouse Way, Suite 9200
                                Boston, MA 02110
                                Telephone: 617.748.3284
                                Facsimile: 617.748.3967
                                Attorney for Plaintiff

Complaint For Receivership and Injunction - Page 6